UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ DAUNDRE JONES,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY SHERIFF, KING COUNTY COURTHOUSE, THE RESIDENCE AT RAINIER SQUARE, CITY OF SEATTLE, BRUCE HARRELL, and FIDELITY INVESTMENTS,<br><br>Defendants. | CASE NO. 2:23-cv-1150<br><br>ORDER DISMISSING CASE |

Plaintiff Cortez Daundre Jones requested leave to proceed *in forma pauperis* against multiple Defendants including the King County Sheriff, King County Courthouse, the "Residence at Rainier Square," City of Seattle, Bruce Harrell, and Fidelity Investments. Dkt. No. 1-1 at 2–3. Offering no specific details, Jones's proposed complaint states he does "not have access [to] the income [he is] owed based on theft of multiple businesses and corporations in Washington State." Dkt. No. 1-1 at 5. The Honorable Brian A. Tsuchida, United States Magistrate Judge for the District, issued a Report and Recommendation ("R&R"), recommending that the Court deny Jones's IFP application because the information Jones presented shows he can afford to pay the filing fee here. Dkt. No. 4 at 2. Jones objected to the

ORDER DISMISSING CASE - 1

R&R, providing the Court more detail about his financial situation. Dkt. No. 8. Jones also filed an "amended motion for leave to proceed *in forma pauperis*," stating zero income and savings. Dkt. No. 7.

The Court has reviewed Jones's proposed complaint, his IFP application, and the other files on record, and it finds Jones's filings devoid of any factual or legal details demonstrating the basis for the Court's jurisdiction or the plausibility of Jones's claims for relief.

To start, the Court considers whether Jones has Article III standing to sue. The Court has an ongoing duty to ensure that it has jurisdiction over a plaintiff's claims. *Leem v. Bank of Am. Home Loans,* No. C13-1517RSL, 2014 WL 897378, at *1 (W.D. Wash. Mar. 6, 2014) (citing *Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013); Fed. R. Civ. P. 12(h)(3)); *see also Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) ("the threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim."); *Equity Lifestyle Prop., Inc. v. Cnty. of San Luis Obispo*, 548 F.3d 1184, 1189 n.10 (9th Cir. 2008) ("[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits."). The Court may raise the issue on its own accord, and "[i]f, at any time the Court determines that it lacks subject matter jurisdiction, the Court must dismiss the action." *Leem*, 2014 WL 897378, at *1 (citing Fed.R.Civ.P. 12(h)(3). "Article III standing is an essential ingredient of subject matter jurisdiction." *Perry v. Newsom*, 18 F.4th 622, 630 (9th Cir. 2021), *cert. denied sub nom. Hollingsworth v. Perry*, 143 S. Ct. 301, 214 L. Ed. 2d 131 (2022). For Article III standing, Jones must allege that (1) he has suffered a concrete injury in fact; (2) Defendants caused his alleged injury; and (3) "redressability," that is, Jones's requested relief will redress his alleged injury. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–03 (1998).

Here, Jones does not meet any factor demonstrating his standing to sue. Jones alleges Washington businesses and corporations have prevented him from accessing income because of "theft," but nearly all the named Defendants are public entities or persons. The only business or corporation is Fidelity Investments. But Jones does not allege Fidelity Investments stole from him. Nor does he allege how any supposed theft has prevented him from accessing his income. Based on Jones's vague assertions, it remains unclear how the alleged injury is traceable to Defendants. In sum, Jones's complaint has failed to state a "case or controversy" to invoke this Court's jurisdiction. *See Perry v. Newsom*, 18 F.4th at 630.

Second, even if he had standing, the Court still finds that it lacks subject matter jurisdiction. In his proposed complaint, Jones alleges the Court has federal question jurisdiction over this matter. He lists the specific federal statutes at issue as "insurance," "marine," "miller act," "medicare act," and "stockholders," but he identifies no title or provision of law violated. Dkt. No. 1-1 at 3. Vague, ambiguous, or passing references to federal law in a complaint are not enough to support federal question jurisdiction. *Shelley's Total Body Works v. City of Auburn*, No. C07-126P, 2007 WL 765205, at *2 (W.D. Wash. Mar. 9, 2007).

Finally, when it comes to IFP complaints, the Court must dismiss the action "at any time if the court determines that … [the complaint] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)*; see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

ORDER DISMISSING CASE - 3

556 U.S. 662, 678 (2009) (internal citation omitted). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Jones's complaint does not meet the *Twombly/Iqbal* pleading standard because it contains no factual details at all. Jones used the court's pro se complaint template, which instructs would-be plaintiffs to "[w]rite a short and plain statement of the[ir] claim," but Jones offers nothing to describe the factual basis for his claims. *See Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("An in forma pauperis complaint is frivolous if 'it had no arguable substance in law or fact.'") (internal citation omitted). Thus, his complaint does not contain any factual basis demonstrating a plausible claim to relief.

Ordinarily, when a court dismisses a pro se plaintiff's complaint for failure to state a claim, it must grant leave to amend even when no request to amend is made. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). But leave to amend may be denied when bad faith or futility are found. *Id.* at 867; *see also Cal. Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."). At last count, Jones has filed over 60 lawsuits in the District since August 2, 2023. So many cases filed in such a short time supports a finding that Jones is advancing claims without merit and that leave to amend would be futile.

Accordingly, the Court DENIES Jones's request to proceed IFP and DISMISSES his complaint without prejudice or leave to amend.

Dated this 10th day of October, 2023.

Jamal N. Whitehead
United States District Judge